**United States District Court**
For the Northern District of California

*E-Filed 7/26/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KEVIN EARL HOLMES,

      Plaintiff,

    v.

MARTIN HOSHINO, et al.,

      Defendants.

                    /

No. C 13-1015 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner.  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).  **On or before September 1, 2013, plaintiff shall file an amended complaint addressing the deficiencies detailed herein.**

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

**United States District Court**
For the Northern District of California

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

2  be granted or seek monetary relief from a defendant who is immune from such relief. *See id.*

3  § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

4  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5      A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

6  to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

7  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

8  plausibility when the plaintiff pleads factual content that allows the court to draw the

9  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

10  *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions

11  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

12  the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

13  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:     (1)

14  that a right secured by the Constitution or laws of the United States was violated, and    (2)

15  that the alleged violation was committed by a person acting under the color of state law. *See*

16  *West v. Atkins*, 487 U.S. 42, 48 (1988).

17  **B.    Legal Claims**

18      Plaintiff alleges that (1) Dr. David, a physician at San Quentin State Prison, and prison

19  nurses (2) Jimenez, and (3) Mary, were deliberately indifferent to plaintiff's serious medical

20  needs. Liberally construed, these claims are cognizable under § 1983.

21      Plaintiff's claims against (1) Martin Hoshino, Secretary of the California Department

22  of Corrections and Rehabilitation ("CDCR"), (2) Kevin Chappell, Warden of San Quentin

23  State Prison, and (3) Dr. Tootell, Chief Medical Officer of the CDCR, are DISMISSED with

24  leave to amend. Plaintiff's allegations against these defendants are based on mere

25  supervisory liability. This is not sufficient to state claims against them. There is no

26  respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

27  1989). It is not enough that the supervisor merely has a supervisory relationship over the

28

**United States District Court**
For the Northern District of California

1   defendants; the plaintiff must show that the supervisor "participated in or directed the

2   violations, or knew of the violations and failed to act to prevent them." *Id.*  Furthermore,

3   supervisor defendants are entitled to qualified immunity where the allegations against them

4   are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the

5   supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v.*

6   *Iqbal*, 129 S. Ct. 1937, 1948–52 (2009) (noting no vicarious liability under section 1983 or

7   Bivens actions).  Also, plaintiff fails to list these defendants in his list of his precise claims

8   on pages 18 through 21.  This deficiency must be corrected in the amended complaint.

9         **Plaintiff shall file an amended complaint on or before September 1, 2013.**  The

10  first amended complaint must include the caption and civil case number used in this order

11  (13-1015 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.

12  Because an amended complaint completely replaces the previous complaints, plaintiff must

13  include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the

14  defendants he wishes to sue, including the claims found cognizable above. *See Ferdik v.*

15  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Any claims not raised in the amended

16  complaint will be deemed waived.  Plaintiff may not incorporate material from the prior

17  complaint by reference.  Failure to file an amended complaint in accordance with this order

18  will result in dismissal of this action with prejudice for failure to prosecute.

19        Plaintiff's claims against (1) correctional officers Taylor, Federjrang, Barry, Romero,

20  and Estrella, and (2) nurse McDonald, are DISMISSED without prejudice and without leave

21  to amend.  His allegations against these defendants arise from a set of facts different from the

22  set giving rise to his claims against Dr. David.  If plaintiff wishes to pursue claims against

23  these defendants, he must file a <u>separate</u> civil rights action.

24  //

25  //

26  //

27  //

28

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  July 26, 2013

_____
RICHARD SEEBORG
United States District Judge

**United States District Court**
For the Northern District of California

No. C 13-1015 RS (PR)
ORDER DISMISSING COMPLAINT

4