*E-Filed 4/13/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN EARL HOLMES, | No. C 13-1015 RS (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| MARTIN HOSTINO, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Holmes, a state prisoner proceeding pro se, filed this federal civil rights action pursuant to 42 U.S. C. § 1983 in which he alleges that San Quentin staff provided constitutionally inadequate medical care. Defendants move for summary judgment (Docket No. 31), and have provided plaintiff with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc). Plaintiff has not filed an opposition. For the reasons stated herein, defendants' motion is GRANTED as to all claims against all defendants.

# DISCUSSION

## I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. In contrast, on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. The court is only concerned with disputes over material facts. "[F]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322.

**II.     Claims**

Plaintiff alleges that (1) on March 17, 2012, San Quentin nurse J. Jimenez was deliberately indifferent to his serious medical needs when she delayed administering his pain medication by two hours; (2) M. Mutha, a nurse, was deliberately indifferent by refusing to take responsibility for the delay in receiving his medication; and (3) Dr. C. David delayed plaintiff's hip surgery, an act of deliberate indifference.  The motion for summary judgment is unopposed.  A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).  The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The papers in support of the motion for summary judgment are evidence that the defendants provided and did not impede the provision of constitutionally adequate medical care to plaintiff.  More specifically, the evidence shows that defendants were aware of plaintiff's medical needs and adequately addressed them with medical care acceptable under the circumstances.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004).  On March 17, 2012, the day Jimenez allegedly failed to administer timely plaintiff's medications, he received pain medications in the morning, afternoon, and evening.  The delay before he received his evening medications amounts to negligence, or gross negligence, neither of which is actionable under section

1983. *Farmer*, 511 U.S. at 835-36 & n.4. Because Jimenez's alleged actions were at worst gross negligence, his Eighth Amendment claim against Mutha is without merit.

Regarding Dr. David's actions, between his first evaluation of plaintiff in December 2010 through his total hip replacement surgery in February 2012, he diagnosed and treated plaintiff's medical conditions and prescribed pain medication. His hip surgery, was delayed for sound medical reasons. The first delay occurred because preoperative tests showed that plaintiff had a collapsed lung, which had to be treated before surgery could proceed. The second delay occurred because plaintiff was coughing up blood, which necessitated further diagnostic testing. Once these conditions had been treated and a pulmonologist approved plaintiff for surgery, Dr. David submitted the paperwork for plaintiff to receive surgery.

In sum, the movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Accordingly, defendants' motion for summary judgment is GRANTED in favor of all defendants.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED in favor of all defendants as to all claims. The claims against Mary, a San Quentin nurse, are DISMISSED because service was never effected. The Clerk shall enter judgment in favor of defendants J. Jimenez, M. Mutha, and C. David as to all claims, terminate Docket No. 31, and close the file.

**IT IS SO ORDERED**.

DATED: April 13, 2015

RICHARD SEEBORG
United States District Judge